AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 16 2022

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*
2020 Ford F250 Super Duty Truck
License Plate LAADGNR VIN 4YMBU1017KT010891

Case No. 22-MR-261

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
2020 Ford F250 Super Duty Truck
License Plate LAADGNR VIN 4YMBU1017KT010891
located in the _____ District of _____ New Mexico _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B of Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 1153 | Offenses committed in Indian country |
| 18 USC 2242(2)(A) | Engaging in a sexual act with another person if that person is incapable of appraising the nature of the conduct |
| 18 USC 2252A(a)(2)(A) | Any person who knowingly receives or distributes child pornography |

The application is based on these facts:
See Attached Affidavit hereby incorporated by reference as if fully restated herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Alyson Berry, Special Agent, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: February 16, 2022

_____
Judge's signature

City and state: Farmington, NM

B. Paul Briones, US Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR SEARCH WARRANT

I, Alyson M. Berry, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent of the Federal Bureau of Investigation ("FBI"), where I have been employed in that capacity since July 2020. I am currently assigned to the Albuquerque Division of the FBI, Farmington Resident Agency, and have primary investigative responsibility for crimes that occur in Indian Country, including violent crimes such as homicide, robbery, aggravated assault, and child sexual assault. In 2021, I attended an advanced Indian Country Crime Scene Investigation course, including techniques for evidence collection and best practices for child pornography or child sexual assault cases.

2.  The information set forth in this affidavit has been derived from an investigation conducted by the Farmington Resident Agency of the FBI, the Navajo Nation Department of Criminal Investigations ("NNDCI"), the Navajo Police Department ("NPD"), Navajo Central Consolidated School District, San Juan County Sheriff's Office (SJCSO) and Farmington Police Department (FPD).

3.  The locations to be searched are described in the following paragraphs and in Attachment A. The target locations described in this affidavit include a single-story residence located at 717 Monarch Street, Farmington, New Mexico (referred to as "Target Location 1"), and a 2020 Ford F250 Super Duty Truck, License Plate LAADGNR, Vehicle Identification Number 4YMBU1017KT010891 (referred to as "Target Location 2") registered to the address of Target Location 1. Target Location 3 is the person of IRA B. HARRIS, year of birth 1967 (referred to herein as "HARRIS"), specifically for the purpose of searching for a cellular telephone or other small electronic device as described in Attachment B. Based on the facts set forth in this affidavit,

there is probable cause to believe there were violations of 18 U.S.C. § 1153 Offenses committed in Indian country; 18 U.S.C. § 2242(2)(A) Engaging in a sexual act with another person if that person is incapable of appraising the nature of the conduct; and 18 U.S.C. § 2252A(a)(2)(A) Any person who knowingly receives or distributes any child pornography, committed by HARRIS, and that evidence of such crimes may be contained in the target locations.

4. This affidavit is intended to show there is probable cause for the requested search warrant and does not set forth all of my knowledge about this matter. The statements in this affidavit are based on my personal knowledge, information that I have received from other law enforcement personnel, and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to believe that evidence of the crimes alleged are located in the target locations.

## PROBABLE CAUSE

5. On January 19, 2022, NPD responded to Shiprock High School (SRHS), Shiprock, New Mexico, regarding sexual misconduct between a student and Reserve Officers' Training Corps (ROTC) instructor employed by the school. The juvenile student, age 16 for all events herein, identified with initials B.D. and year of birth 2005 (referred to herein as Jane Doe), released her personal tablet to the administration at SRHS. Her grandfather and legal guardian, identified with initials V.D. and year of birth 1953 (referred to herein as John Doe), escorted her. School administration and the Safety Coordinator for Navajo Consolidated School District took screenshots of conversations between Jane Doe and the ROTC instructor, later identified as HARRIS.

6. Among the text messages collected by SRHS administrators, HARRIS wrote to Jane Doe: "Let me kiss you down there and put it in a little further this time," and, "…I'm about to go back and look at that picture again." Additionally, Jane Doe requested that HARRIS kiss her "on the wall", presumably a location with which both are familiar. HARRIS responded "…your back to the wall, you sitting in my lap, and me giving it to you nice and slowly."

7. FBI Farmington Resident Agency was contacted shortly thereafter by NNDCI. On January 24, 2022, your affiant and a NNDCI Criminal Investigator met with the Safety Coordinator and Principal of SRHS, where Jane Doe's education plan, intellect, and comprehension were discussed. Jane Doe, diagnosed with "General Learning Disability," followed an Individualized Education Plan (IEP), and was enrolled in Special Education Classes. The Safety Coordinator disclosed that Jane Doe possessed an IQ score of 60, classified as mild mental disability. Several IEP meetings were scheduled between administrators, teachers, Jane Doe, and John Doe. As Jane Doe's ROTC instructor, HARRIS regularly attended the meetings as well. HARRIS provided input regarding Jane Doe's IEP and therefore knew about her cognitive delays, low IQ level, and comprehension limitations.

8. In October of 2021, Jane Doe suffered a psychotic episode at school, where she physically fought staff after having delusional thoughts. Jane Doe believed she was a character from the Nightmare on Elm Street movie. Administrators sought to have Jane Doe transported to Northern Navajo Medical Center (NNMC). Administrators requested that HARRIS encourage Jane Doe to cooperate with emergency response services. With HARRIS' assistance, Jane Doe agreed. NNMC referred Jane Doe to a behavioral health clinic in Las Cruces, New Mexico, where she was kept for in-patient therapy. HARRIS was aware of Jane Doe's psychiatric condition as a firsthand witness.

9. On December 17, 2021, Jane Doe and HARRIS communicated a plan for her to sneak out of her residence and meet HARRIS at the bus stop. SRHS was closed for Winter Break, to include all sports and ROTC activities. Jane Doe rode in HARRIS' grey Ford F250 truck with License Plate LAADGNR on back roads to an unknown location on the Navajo Nation Indian Reservation. During a forensic interview, Jane Doe disclosed the two had vaginal intercourse in the truck, using a condom. HARRIS drove Jane Doe back to the bus stop. Because Jane Doe was missing for approximately two hours, her grandfather and uncle began searching for her in two separate vehicles. Spotting HARRIS' truck, Jane Doe's uncle parked in front of the truck, and her grandfather parked behind. Jane Doe was immediately removed from HARRIS' truck and returned home.

10. On January 21, 2022, the tablet used by Jane Doe to communicate with HARRIS was extracted and analyzed. Photographs and videos from the tablet show a close-up of Jane Doe's covered breasts, as well as a video of her stripping down to her underwear and a t-shirt. Communication between Jane Doe and HARRIS continued into mid-January, 2022. At the end of January 2022, while receiving in-patient behavioral health treatment in Santa Teresa, New Mexico, Jane Doe disclosed that she removed the SD card used for extra storage from her tablet prior to turning the device over to administrators at SRHS. Jane Doe disclosed that a picture of her naked vaginal area and breasts were sent to HARRIS, but these items were saved on the SD card. Jane Doe stated that the photograph referenced by HARRIS in aforementioned text messages was of her naked vaginal area. These photographs and videos were taken by Jane Doe in her bedroom, located within the exterior boundaries of Navajo Nation Indian Reservation. The photographs and evidence of their receipt by HARRIS may be located on evidence items located within the target locations.

11. Jane Doe did not have access to a cellular telephone, but the tablet included an application capable of creating a phone number that Jane Doe and HARRIS utilized to call and text one another via Internet connection. The phone number used by HARRIS matched the cell phone number on his SRHS employee records. Additionally, a subpoena for AT&T phone records was submitted using the phone number belonging to HARRIS. The subscriber information matched HARRIS' social security number, birthdate, and personal address. On February 2, 2022, AT&T provided a return to the subpoena. Phone records of calls and SMS messages to and from Jane Doe 2 corresponded with the history on Jane Doe 2's tablet. Additionally, records show HARRIS used an Apple iPhone 11 Promax with IMEI number 3538991037750321. IMEI numbers are unique to each device.

12. Based on the information provided in this affidavit, your affiant believes that digital evidence items stored on electronic devices are located in Target Location 1 and Target Location 2 described in Paragraph 3. Electronic devices include the following: desktop or laptop computers, wireless phones, and tablets used to send or receive phone calls, text messages, photographs, or videos; and storage devices compatible with desktop or laptop computers, wireless phones, and tablets such as external hard drives, Secure Digital (SD) cards, standard USB or USB flash drives, CD/DVD discs, or other storage devices. Physical evidence includes the following: bodily fluid including material containing suspected seminal fluid or blood, handwritten notes or letters, printed photographs, clothing items, and packaged or unpackaged condoms or wrappers. Based on my knowledge, training, and experience, I know that electronic content is often accessed by multiple devices and stored using several methods. Therefore, it is critical to analyze all devices utilized by an individual. Additionally, evidence of sexual contact may be observed on various surfaces within Target Location 2 weeks or months after the sexual act occurred using various

forensic techniques, even if the surface was cleaned. Blood or seminal fluid can be observed using Alternative Light Sources (ALS) and Luminol, which illuminates bodily fluids even after surfaces have been cleaned. Target Location 3, the person of IRA HARRIS, shall be searched for the purpose of obtaining a cellular telephone or other small electronic device as described in Attachment B. Specific search warrants will be obtained in the future for the purpose of searching the contents of any seized electronic devices.

13. The incident under investigation occurred within the exterior boundaries of the Navajo Nation Indian Reservation. Jane Doe is a registered member of the Navajo Nation, while HARRIS is not.

## AUTHORIZATION REQUEST

14. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

15. Based on the facts set forth in this affidavit, there is probable cause to believe there was a violation of 18 U.S.C. § 1153 Offenses committed in Indian country; 18 U.S.C. § 2242(2)(A) Engaging in a sexual act with another person if that person is incapable of appraising the nature of the conduct; and 18 U.S.C. § 2252A(a)(2)(A) Any person who knowingly receives or distributes any child pornography, and that evidence of such crimes may be contained in the Target Device.

16. Supervisory Assistant United States Attorney Kyle Nayback, District of New Mexico, reviewed and approved this affidavit.

17. I swear that this information is true and correct to the best of my knowledge and belief.

_____
Alyson M. Berry, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me on February 16, 2022.

_____
The Honorable B. Paul Briones
United States Magistrate Judge

## ATTACHMENT A

1. A 2020 Ford F250 Super Duty Truck, Vehicle Identification Number 4YMBU1017KT010891, License Plate LAADGNR, registered to IRA Harris at the address of 717 Monarch Street, Farmington, New Mexico.

## **ATTACHMENT B**

1. Desktop or laptop computers, wireless phones, and tablets used to send or receive phone calls, text messages, photographs, or videos.

2. Storage devices compatible with desktop or laptop computers, wireless phones, and tablets such as external hard drives, Secure Digital (SD) cards, standard USB or USB flash drives, CD/DVD discs, or other storage devices.

3. Physical evidence in the form of bodily fluid or material containing suspected bodily fluid, handwritten notes or letters, printed photographs, clothing items, and packaged or unpackaged condoms or wrappers.